IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAIED EMAMI,
        Plaintiff,

v.                                           Civil Action No. 2:15-cv-34-JAG

ROBERT M. LIGHTFOOT, JR., in his official
capacity as Acting Administrator, National
Aeronautics and Space Administration,
        Defendant.

## OPINION

The plaintiff, Dr. Saied Emami, a former aerospace engineer for the National Aeronautics & Space Administration ("NASA"), brought this case under Title VII of the Civil Rights Act of 1964. After two days of a jury trial, the Court granted the defendant's motion for judgment as a matter of law after the close of the plaintiff's evidence. Emami now moves the Court to amend that judgment or grant a new trial under Rule 59. The Court denies the motion because Emami failed to file it within the time limits imposed by the Federal Rules of Appellate Procedure. The Court instead interprets the motion as one under Rule 60(b), and denies that motion on the merits.

## I. BACKGROUND

Emami filed his original complaint against NASA on January 23, 2015, with the help of counsel, under Title VII of the Civil Rights Act of 1964. He claims that NASA placed him on a performance improvement plan ("PIP") in his position as an Aerospace Engineer, and then terminated him, based on his religion and national origin.

Before trial, the Court entered a Rule 16(b) Scheduling Order setting cut of dates for discovery, and deadlines to file witness and exhibit lists and other documents relevant to trial.

The Rule 16(b) Order also set a Final Pretrial Conference on October 21, 2016, and the trial on November 1, 2016. (Dk. No. 36.) After discovery, both parties timely submitted all pretrial disclosures. The defendant filed a second motion for summary judgment[1] along with other motions, causing the Court to remove the case from the trial calendar pending resolution of those motions. (Dk. No. 80.)

After denying the motion for summary judgment on March 10, 2017, the Court amended the Rule 16(b) Scheduling Order and rescheduled the Final Pretrial Conference for July 14, 2017, and the trial for August 1, 2017. (Dk. Nos. 95, 96.) On June 6, 2017, the Court granted Emami's lawyers' motion to withdraw. (Dk. No. 101.) Moving forward pro se, Emami made multiple attempts to supplement discovery and disclosures for trial. The Court made clear, however, that setting the supplemental Final Pretrial Conference did not reset discovery deadlines and repeatedly denied Emami's attempts to supplement discovery disclosures. (Dk. Nos. 107, 108, 131, 140.)

A jury trial commenced on August 1, 2017. On the first day, the plaintiff called his retained expert, Dr. Farid Miandoab, as a witness. Later, the Court denied Emami's attempt to call Dr. Jose Goity, a second expert witness, because the Court deemed the testimony cumulative and duplicative of Dr. Miandoab's testimony. At the close of the plaintiff's evidence on August 2, 2017, the Court granted the defendant's motion for judgment as a matter of law because Emami had failed to set out facts to make a prima facie case of discrimination based on either religion or national origin. The Court entered judgment on August 3, 2018. (Dk. No. 138.)

---

[1] The Court had earlier denied a defense motion for summary judgment as premature.

Emami then moved the Court to alter or amend its judgment and for a new trial in a 77-page motion on September 1, 2018. The Court allowed Emami to amend the motion, which he did on October 23, 2017. (Dk. No. 149.) The Court denies the motion because Emami filed his initial motion outside of the time frame permitted by the Federal Rules of Civil Procedure Rule 59 and because, even interpreting his untimely Rule 59 motion as a timely Rule 60(b) motion, his arguments fail on the merits.

## II. DISCUSSION

The Court liberally construes Emami's motion as one for both a new trial under Rule 59(a) and an altered or amended judgment under Rule 59(e). The Court denies the motion on both grounds because the motion falls outside of the mandatory 28-day time period. The Court instead treats the motion as one under Rule 60(b) of the Federal Rules of Civil Procedure, and denies that motion because none of his concerns warrant relief under that rule.

### A. Emami Filed his Rule 59 Motion Out of Time

Rule 59 (b) and (e) impose strict 28-day time limits on motions for a new trial and to alter or amend a judgment. Fed. R. Civ. P. 6(b)(2); *Goodman v. Everett*, 388 F. App'x 269, 270 (4th Cir. 2010) ("[T]he district court is without jurisdiction to extend this time period.") The three-day extension granted to pro se litigants served by mail does not apply to Rule 59. *Rozzelle v. University of North Carolina at Charlotte, et al.*, No. 3-15CV00050MOCDSC, 2015 WL 12911716, at *1 (W.D.N.C. Dec. 7, 2015), aff'd sub nom. *Rozzelle v. University of North Carolina*, 646 F. App'x 336 (4th Cir. 2016)).

In this case, the Court entered its final judgment on August 3, 2017. The deadline to file a Rule 59 motion was August 31, 2017. Emami filed his initial Rule 59 motion one day late on September 1, 2017. The Court cannot grant even a one day extension, and his motion fails.

3

## B. Rule 60(b) Motion

"Where a Rule 59(e) motion is untimely, courts routinely interpret the untimely Rule 59(e) motion to be a timely Rule 60(b) motion for relief from a final judgment." *Id.* (citing *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1463 n. 35 (9th Cir. 1992)). A Court may relieve a party from a final order under Federal Rule of Civil Procedure 60(b) for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Rule 60, however, "does not authorize a motion merely for reconsideration of a legal issue." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir.1982)). None of Emami's grounds warrant relief in this case.

Emami identifies six errors made by the Court that he believes warrant relief. First, he claims that because he survived summary judgment the Court could not grant judgment as a matter of law at the close of trial. This argument has no merit: Emami does not present any new facts and instead merely challenges the sufficiency of this Court's ruling. Errors two, three, four, and six relate to Emami's already-litigated concerns about supplementing discovery and disclosures. The Court has repeatedly addressed those issues, and Emami presents no basis on a Rule 60(b) motion to grant him relief. Finally, error five asserts that the Court erred when it excluded Emami's technical expert Dr. Jose Goity, but this again challenges prior ruling and the Court does not address it through a Rule 60 motion.

## IV. Conclusion

The Court denies Emami's motion under Rule 59 because he failed to file it within the time limit proscribed by the Federal Rules of Civil Procedure. Further, reading Emami's motion as one under Rule 60(b), the Court denies the motion because he seeks reconsideration of legal decisions and therefore fails to show that he warrants relief.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: June 19, 2018

Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge